■ TOWN OF ORANGETOWN, Respondent, v JOHN J. MAGEE et al., Appellants.—In an action for injunctive relief directing the defendants to remove a certain temporary building, the defendants appeal from a judgment of the Supreme Court, Rockland County (Martin, J.), dated January 24, 1986, which granted the plaintiff's motion for an injunction ordering the defendants to remove the temporary building situated on the defendants' property, and denied their application, *inter alia,* for an order directing the plaintiff to reissue a building permit to them.

Ordered, that the judgment is affirmed, with costs.

The defendants are the owners of certain real property in which they are building a development to be known as "Bradley Industrial Park". The property is zoned for laboratory-office use. The defendants constructed, without first obtaining either a permit or certificate of occupancy, a building on the site which they claim is to be used to temporarily store equipment and supplies during construction. The defendants contend that a permit was not needed because the building is accessory to a certain other building, known as number 15, in the development, for which the town had issued and then revoked a building permit. The propriety of this revocation is the subject of a separate proceeding pursuant to CPLR article 78 and is not properly before this court.

We are in agreement with the Supreme Court that the defendants are not entitled to maintain the storage building as storage is not a permitted use in a laboratory-office zone (Orangetown County Code § 3.11). Thus, we further concur with the court that the eventual determination in the CPLR article 78 proceeding relating to building number 15 is not relevant to this case, as that permit would not give the defendants the right to construct a storage building in violation of the Orangetown County Code.

We have considered the defendants' remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.